UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-mj-03167-McAliley

UNITED STATES OF AMERICA

vs.

HENRI SALVADOR REYES-CARRANZA and
EDGAR MANUEL ROMERO-HIDALGO,

    **Defendants.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes  _X_ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   /s/ *Nardia Haye*_____
Nardia Haye
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502738
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9326
Email: Nardia.Haye@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Henri Salvador Reyes-Carranza and Edgar Manuel Romero-Hidalgo, | ) Case No. 22-mj-03167-McAliley |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 3, 2021__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute a controlled substance |
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute a controlled substance |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Jonathan Corazon*
*Complainant's signature*

Special Agent Jonathan Corazon, DEA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __July 5, 2022__

*Chris McAliley*
*Judge's signature*

City and state: __Miami, Florida__    Honorable Chris M. McAliley, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jonathan Corazon, being first duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and I am currently assigned to the DEA field office in Homestead, Florida. My official duties include investigating violations of federal narcotics law, including investigating drug-trafficking organizations and their means and methods of communicating, purchasing, transporting, storing, and distributing drugs. I have participated in both international and domestic narcotics investigations. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, I am an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 18, 21 and 31 of the United States Code. I have participated in investigations involving violations of the Controlled Substances Act, which include conducting physical and electronic surveillance, execution of search warrants, and arrests of numerous drug traffickers.

2. I submit this affidavit for the limited purpose of establishing probable cause that on or about July 3, 2022, Henri Salvador Reyes-Carranza ("REYES-CARRANZA") and Edgar Manuel Romero-Hidalgo ("ROMERO-HIDALGO") conspired to and did, possess with intent to distribute a controlled substance, that is, fentanyl, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me or other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observation, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this

1

investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

## PROBABLE CAUSE

4. A DEA confidential source ("CS1") indicated to DEA agents that he/she established communication with a contact known to him as "El Doctor" who facilitated the distribution of fentanyl pills. CS1 stated that "El Doctor" was a Mexican national who lives in Mexico, and he provided a telephone number for him.

5. Under DEA supervision, CS1 made several recorded telephone calls with "El Doctor" to coordinate a meeting for a controlled purchase of approximately 30,000 fentanyl pills. CS1 relayed to DEA agents that on or about June 30, 2022, "El Doctor" confirmed that he would be sending a courier to Homestead, Florida to deliver approximately 24,000 fentanyl pills to CS1. "El Doctor" agreed to send the couriers, who were later identified as REYES-CARRANZA and ROMERO-HIDALGO, to meet CS1 at the Homestead Pavilion Shopping Center located at 2400 NE 10th Court.

6. On or about July 3, 2022, prior to the meeting with REYES-CARRANZA and ROMERO-HIDALGO, the DEA prepared for a buy/bust operation. CS1 and another confidential source known to the DEA, CS2, waited in a parked car provided by DEA agents at the meeting location, with DEA agents observing nearby. Before CS1 and CS2 entered the car, law enforcement equipped CS2 with an audio/video recording device that was used during the operation. Agents also searched the car and confirmed that no contraband was present.

7. As CS1 and CS2 waited in the car, agents established surveillance around the location. Around 11:34 am, agents observed REYES-CARRANZA and ROMERO-HIDALGO arrive in a black Toyota Camry. ROMEO-HIDALGO was driving. REYES-CARRANZA and ROMERO-HIDALGO were the only occupants of the Camry. REYES-CARRANZA exited the

Camry from the passenger side and walked towards the CS's car while ROMERO-HIDALGO continued driving until he parked alongside CS1 and CS2.

8. Agents observed ROMERO-HIDALGO exit his car and open the front hood of the Camry. Agents then observed ROMERO-HIDALGO remove the car's battery from the engine compartment, which agents later discovered contained the suspected fentanyl pills, and take the battery to the trunk. At the same time, agents observed REYES-CARRANZA take another battery from the trunk of the Camry and bring it to the engine compartment, in what appeared to be an attempt to replace the battery that ROMERO-HIDALGO had just removed. REYES-CARRANZA then walked back to the trunk and took the battery containing the narcotics to the CS's vehicle and provided it to CS2. After CS2 confirmed the presence of the fentanyl pills, CS2 alerted the agents (who were listening in real time), using a prearranged verbal signal and a physical signal that communicated to law enforcement that the contraband was in the car.

9. Agents then searched the car battery provided to CS2 and discovered 6 black bundles, containing approximately 24,000 blue fentanyl pills, which was confirmed by field test results. Based on my training and experience, the color and the number 30 displayed on the pills in this case is consistent with the way fentanyl pills are packaged. Additionally, agents found a receipt from a Miami Walmart in the center console for the purchase of a car battery about an hour before the incident.

10. REYES-CARRANZA and ROMERO-HIDALGO waived their *Miranda* rights in writing on a Spanish form. In separate recorded, post-*Miranda* interviews, REYES-CARRANZA and ROMERO-HIDALGO both admitted that they were aware that they were transporting a controlled substance, even though they did not know what type of controlled substance. Further, ROMERO-HIDALGO stated that he moves cars for a living, but he was looking for another job to pay his debt and help his family. ROMERO-HIDALGO elaborated that his friend, REYES-

CARRANZA, informed him that someone offered $14,000 (to be divided amongst themselves) to drive to Miami from California to deliver a car battery containing narcotics. ROMERO-HIDALGO continued that he rented a vehicle in California and they both drove to Miami to deliver the battery. ROMERO-HIDALGO said that he was planning to fly to Honduras to see his family and REYES-CARRANZA stated that he was supposed to flight back to Los Angeles.

11. Further, REYES-CARRANZA gave law enforcement written consent to search his cellphone. During a review of the phone, agents discovered WhatsApp text messages and phone calls from a phone number with a Mexican country code giving instructions about the quantity of narcotics that was supposed to be delivered, the delivery location, and the amount of money that he was supposed receive.

## CONCLUSION

12. Based on the foregoing, I respectfully submit that there is probable cause to support a criminal complaint against REYES-CARRANZA and ROMERO-HIDALGO for violations of Title 21, United States Code, Sections 846 and 841(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*Jonathan Corazon*
Jonathan Corazon, Special Agent
Drug Enforcement Administration

Attested by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
by Face Time this   5th   day of July 2022.

*Chris McAliley*
HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE